## THE WILLAMETTE.

### NELSON v. THE WILLAMETTE et al.

(District Court, D. Washington, W. D. December 13, 1892.)

1. VENUE IN CIVIL CASES—DIVISIONS OF DISTRICT OF WASHINGTON.
    The act fixing the times and places of holding federal courts in the state of Washington (26 St. at Large, p. 45, § 4) provides that actions not of a local nature shall be brought in the division where the defendant resides. *Held,* that it is the intent of the act that actions of a local nature shall be brought in the division where the res is when the suit is begun.

2. SAME—LIBEL IN REM.
    A libel in rem is an action of a local character, within the meaning of the act fixing times and places for holding federal courts in the state of Washington, (26 St. at Large, p. 45, § 4,) and must be brought in the division where the res is when the suit is begun.

3. SAME—CHANGE TO PROPER DIVISION.
    Where a libel in rem is brought in the wrong division, the objections thereto being purely formal, and it is probable that the case will be tried on issues of fact, a motion by the respondent to transfer the cause to the right division should be granted.

In Admiralty. Suit in rem against the steamship Willamette to recover damages for a personal injury received in a collision between two vessels. Motion to transfer the cause to the northern division of the district, in which the collision occurred, and in which the vessel was arrested, her home port being in another state. Granted.

A. R. Titlow, for libelant.
Crowley & Sullivan, for intervening libelants.
A. F. Burleigh and J. E. Lilly, for claimant.

HANFORD, District Judge. The Oregon Improvement Company, a corporation of the state of Oregon, has filed its claim as owner of the vessel proceeded against in this case, and filed exceptions to the libel, and also moved to transfer the cause to the northern division of this district. I have considered all the questions raised by said exceptions and motion, and, as there appears to be probability that the case will come to a trial upon questions of fact, it is proper to pass upon the motion now. It is shown that the vessel was found and arrested by the marshal in the northern division, although her home port is Portland, in the state of Oregon; that her officers reside in the northern division, and that the case arises out of a collision between said vessel and the passenger steamer Premier, which occurred upon Admiralty inlet, between Seattle and Port Townsend, in the northern division. The libelant and intervening libelants reside in the western division, and for their own convenience have brought the suit in said division. The fourth section of the act to provide for the times and places to hold terms of court in this district (26 St. at Large, 45) reads as follows:

"Sec. 4. That all civil suits, not of a local character, which shall be brought in the district or circuit courts of the United States for the district of Washington, in either of said divisions, against a single defendant, or where all the defendants reside in the same division of said district, shall be brought in the division in which the defendant or defendants reside. * * * All issues of

fact in a civil cause triable in any of the said courts shall be tried in the division where the defendants, or one of the defendants, reside, unless by consent of both parties the case shall be removed to some other division."

I consider the intention of this law to be that a plaintiff must sue his adversary in the division wherein he resides, or wherein the thing or property proceeded against happens to be situated or found, and to deny to a plaintiff the right to bring either individuals or property to the place where he resides, or where it will best suit his convenience to have the trial. If the libelant may prosecute this case at Tacoma without consent of the defendant, another person having cause of complaint against a vessel on Puget sound, and residing at Spokane or Walla Walla, could with equal propriety cause process to issue from either of said places, and bring his case against her to trial there. My conclusion is that a suit in rem is of a local nature, triable only in the division within which the res happens to be situated at the time of commencing the suit. The motion will therefore be granted.

If I were of the opinion that the exceptions to the libel were sustainable on other than formal grounds, and that the case would probably be terminated without trial upon issues of fact, I would not deem it expedient to grant the motion; but, as at present advised, I consider the libel to be defective for one reason only, and that is, for want of the formal allegation that the vessel, at the time of bringing the suit, was within the jurisdiction of the court. This defect is curable by an amendment. The other points suggested upon the argument of the exceptions may receive further attention after the filing of an amended libel